COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-08-075-CR

 

 

DERYL DANIELLE WARE                                                       APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

             FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

Appellant Deryl Danielle
Ware  appeals his conviction for failure
to register as a sex offender.[2]  We affirm. 









Appellant=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California[3]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.  We
gave appellant the opportunity to file a pro se brief, and he has filed
one.  In addition, the State has filed a
letter brief.

Once an appellant=s court-appointed attorney files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record.[4]  Only then may we grant counsel=s motion to withdraw.[5]


We have carefully reviewed
the record, counsel=s brief,
appellant=s pro se
brief and supplement, and the State=s brief.  We agree with counsel
that this appeal is wholly frivolous and without merit; we find nothing in the
record that might arguably support the appeal.[6]  Accordingly, we grant counsel=s motion to withdraw and affirm the trial court=s judgment. 








 

PER CURIAM

 

PANEL:  CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

 

DO NOT PUBLISH 

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 9, 2008                          

 











[1]See Tex.
R. App. P. 47.4.





[2]See Tex.
Code Crim. Proc. Ann. art. 62.102 (Vernon 2006).





[3]386
U.S. 738, 87 S. Ct. 1396 (1967).





[4]See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays
v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort
Worth 1995, no pet.).





[5]See
Penson v. Ohio, 488 U.S. 75, 82B83,
109 S. Ct. 346, 351 (1988).





[6]See
Bledsoe v. State, 178 S.W.3d 824, 827B28
(Tex. Crim. App. 2005); Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex.
Crim. App. 2006).